IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,892-01






EX PARTE DOUGLAS KENT SNEED, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM LAMAR COUNTY

IN THE 6TH JUDICIAL DISTRICT COURT

TRIAL COURT CAUSE NO. 20653 HC-1



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of driving while intoxicated (habitual), and punishment was assessed at
confinement for six years. No direct appeal was taken. 

 Applicant contends that his trial counsel rendered ineffective assistance because he
failed to timely file a notice of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court shall provide counsel with the opportunity to respond to
applicant's claim of ineffective assistance of counsel. The trial court may use any means set
out in Tex. Code Crim. Proc., art. 11.07, § 3(d). In the appropriate case, the trial court may
rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is
indigent. If applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent applicant at the hearing. Tex. Code Crim. Proc., art. 26.04. 

 The trial court shall make findings of facts as to whether applicant was denied his
right to a meaningful appeal because applicant's trial counsel failed to timely file a notice of
appeal. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


 IT IS SO ORDERED THIS THE 1ST DAY OF MARCH, 2006.





DO NOT PUBLISH